UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

)
MELVIN JOSEPH SIMMONS, )
 )
    Petitioner, )
 )
v. )   Civil Action No. 18-11313-LTS
 )
DAVID BAUGHMAN, )
 )
    Respondent. )
 )
 )

ORDER

July 26, 2018

SOROKIN, D.J.

For the reasons stated below, the Court will dismiss this action.

On June 26, 2018, <u>pro se</u> litigant Melvin Joseph Simmons, who is incarcerated at California State Prison-Sacramento, filed a petition for a writ of habeas corpus. He does not indicate whether he is bringing this action under 28 U.S.C. § 2241 ("§ 2241") or 28 U.S.C. § 2254 ("§ 2254"). Simmons later paid the filing fee. The petition has not been served pending the Court's preliminary review of the pleading. <u>See</u> Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 (requiring a court to examine a habeas petition, and if it "plainly appears from the face of the petition . . . that the petitioner is not entitled to relief in the district court," the court "must dismiss the petition")[1]; <u>see also</u> <u>McFarland v. Scott</u>, 512 U.S.

---

[1]The rules governing petitions brought pursuant to 28 U.S.C. § 2254 may be applied at the discretion of the district court to other habeas petitions. <u>See</u> Rule 1(b) of the Rules Governing Habeas Corpus Cases Under Section 2254;

849, 856 (1994) (habeas petition may be dismissed if it appears to be legally insufficient on its face).

Whether construing the petition as one under § 2241 or under § 2254, it is plain from the face of the document that Simmons is not entitled to relief. First, the Court cannot exercise habeas jurisdiction because Simmons is not imprisoned in the District of Massachusetts. "District courts are limited to granting habeas relief 'within their respective jurisdictions.'" Rumsfeld v. Padilla, 542 U.S. 426, 442 (2004) (quoting 28 U.S.C. § 2241(a)). Unless a statute explicitly states otherwise, "for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." Id. at 443.

The Court, could, in its discretion, transfer Simmons's petition to the federal judicial district in California: "Whenever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ...." 28 U.S.C. § 1631 (emphasis added). Here, however, it is clearly not in the interest of justice to transfer Simmons's petition because, to the extent it is legible, the petition is incomprehensible and does not put forth a cognizable basis for relief.

Accordingly, this action is DISMISSED.

SO ORDERED.

        /s/ Leo T. Sorokin
        UNITED STATES DISTRICT JUDGE